# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| DYLAN JAMES GOLDSTEIN,<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>*Defendant.* | CIVIL ACTION NO.<br>3:25-cv-00027-TES |

## ORDER DENYING PLAINTIFF'S MOTION FOR
## TEMPORARY RESTRAINING ORDER

During the 2024 season, Plaintiff Dylan Goldstein finished up a stellar career as a standout baseball player for the University of Georgia. Under current National Collegiate Athletic Association ("NCAA") bylaws, he can play no more than four seasons within a five-year period, and any year that he played at any "collegiate institution," including a junior college, counts.[1] [Doc. 11-4, p. 23]. Plaintiff played his first season at Chipola College, a junior college ("JUCO") in Marianna, Florida; played

---

[1] The NCAA's Five-Year Rule, 12.8.1, states,
    A student-athlete shall complete the student-athlete's seasons of participation within five calendar years from the beginning of the semester or quarter in which the student-athlete first registered for a minimum full-time program of studies in a collegiate institution, with time spent in the armed services, on official religious missions or with recognized foreign aid services of the U.S. government being excepted.
[Doc. 11-4, p. 23].

his second and third seasons at Florida Atlantic University; and played his fourth season for the University of Georgia.[2] [Doc. 11, pp. 11–12, ¶ 13; 20–22 ¶¶ 37–41]. Plaintiff's eligibility to play college baseball expired when the 2024 season ended.

Some six months later, on December 23, 2024, the NCAA issued a blanket waiver that allowed student-athletes with JUCO years and remaining eligibility to play an additional season. [*Id.* at p. 19 ¶ 32]. According to Plaintiff's Complaint [Doc. 11], "the NCAA Division I Board of Directors issued a blanket waiver in December 2024 providing certain former-JUCO athletes with a fourth year of Division I eligibility[.]" [*Id.* at p. 23 ¶ 44]. Plaintiff alleges that the waiver permitted student-athletes with JUCO years who used their third year of Division I eligibility in 2024-2025 to compete in a fourth year of Division I sports during the 2025-2026 season. [*Id.*]. But, because Plaintiff expended his eligibility in the 2023-2024 academic year, he wasn't covered by that waiver.

On January 17, 2025, Plaintiff requested approval from the NCAA to play a fourth season of Division I baseball for the University of Georgia, even though he has no current eligibility remaining. [*Id.* at p. 6 ¶ 4]; [Doc. 10-1, p. 2]. Alleging that the NCAA is "[d]ucking calls" and "shirking responsibility," Plaintiff filed suit against it on February 18, 2025. [Doc. 11, pp. 6–7 ¶ 4]. When he filed his lawsuit, he also filed a

---

[2] Both Florida Atlantic University and the University of Georgia are NCAA Division I schools. *See* [Doc. 11, pp. 20–22 ¶¶ 37–41].

Motion for Temporary Restraining Order ("TRO") [Doc. 10] pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.01.[3] [Doc. 10, p. 1].

Via his request for a TRO, Plaintiff seeks to enjoin the NCAA from enforcing its bylaws against him that prevent him from playing college baseball for the University of Georgia in the 2025 season. [*Id.*]. TROs are extraordinary remedies, and the Court remains ever mindful that the relief requested at this procedural juncture "should be restricted to . . . preserving the status quo" until it can hold a hearing to determine whether a preliminary injunction or permanent injunction will issue.[4] *Forward v. Ben Hill Cnty. Bd. of Elections*, 509 F. Supp. 1348, 1354 (M.D. Ga. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008)); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

At the outset of the hearing, Plaintiff argued that the Court could maintain the status quo by keeping a spot open on the Bulldogs' roster until the Court could issue further relief as to whether he'll be able to play for the remainder of the season. *See* [Doc. 10-1, pp. 22–23]. However, as the hearing concluded, Plaintiff urged the Court to issue a ruling that would allow him to play immediately. Put simply, Plaintiff seeks

---

[3] The following day, the Court held a hearing on Plaintiff's TRO at which Plaintiff, his counsel, and counsel for the NCAA were present.

[4] TROs under Rule 65 "function[] to preserve the status quo until a court can enter a decision on a preliminary injunction application, while a Rule 65 preliminary injunction is often used to maintain the status quo until a court can enter a final decision granting a permanent injunction or some other final relief." *U.S. v. DBB, Inc.*, 180 F.3d 1277, 1282 n.5 (11th Cir. 1999).

affirmative relief that would alter the status quo and permit him to take the field in this weekend's home opener in Athens, Georgia—something he's not currently allowed to do.

In the Eleventh Circuit,

> [a] federal court may grant a temporary restraining order . . . only if the movant establishes that (1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest.

*Long v. Sec'y, Dep't of Corrs.*, 924 F.3d 1171, 1176 (11th Cir. 2019). As the movant, Plaintiff bears the burden of persuasion as to each of these four prerequisites. *Strickland v. Deutsche Bank Tr. Co. Americas*, No. 5:18-CV-3 (CAR), 2018 WL 715408, at *3 (M.D. Ga. Feb. 5, 2018).

After hearing arguments from both Plaintiff and the NCAA, the Court concludes that Plaintiff is currently unable to meet the applicable legal standard to obtain such an extraordinary remedy. Notwithstanding Plaintiff's argument that he has a substantial likelihood of success on the merits as to his principal claim—that the NCAA's enforcement of certain bylaws against him violates Section 1 the Sherman Antitrust Act, 15 U.S.C. § 1—the Court finds he failed to show that he will suffer irreparable injury if he misses this weekend's home opening series. *Long*, 924 F.3d at 1176; [Doc. 10-1, pp. 13–22]. Before filing his Complaint, Plaintiff had already missed four games, and as of today, he's missed five. So, he's already suffering some portion of the irreparable injury

he seeks to prevent—not playing baseball.

Next, to grant Plaintiff a TRO that would effectively deem him eligible to immediately play baseball would undoubtedly flip the status quo, and relief altering the status quo rather than maintaining it is routinely denied by courts. *Ludy v. Dozier*, No. 1:18-CV-165 (WLS), 2019 WL 13434824, at *1 (M.D. Ga. Oct. 25, 2019); *Wade v. Nat'l Collegiate Athletic Assoc.*, No. 2:24-cv-196-TMB-RP, 2024 WL 5212665, at *3 (S.D. Miss. Dec. 23, 2024). Such an affirmative request based on the allegations from Plaintiff's Complaint falls outside the reach of a TRO.

For these reasons and for those discussed with the parties on February 19, 2025, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order [Doc. 10]. A hearing will be held on ***February 25, 2025***, in Athens, Georgia, to discuss whether Plaintiff can obtain a preliminary injunction for his requested relief against the NCAA.

**SO ORDERED**, this 20th day of February, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
