**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA**

DYLAN JAMES GOLDSTEIN

    Plaintiff,

v.

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION,

    Defendant.

Civil Action No. 3:25-cv-00027-TES

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO VACATE THE ORDER DENYING THE PRELIMINARY
INJUNCTION AND FOR RECUSAL**

---

COMES NOW, Plaintiff, Dylan Goldstein ("Goldstein" or "Plaintiff"), and hereby files this Memorandum of Law In Support of His Motion to Vacate the Court's Order Denying Plaintiff's Motion for Preliminary Injunction and to Recuse Judge Tilman E. Self, III for failure to take reasonable steps to disclose himself as an 'NCAA Football Official' and ultimately recuse himself from the above-styled matter for having a personal bias or prejudice favoring Defendant and its' interests.

**<u>FACTUAL BACKGROUND</u>**

On February 28, 2025, following oral arguments from the Parties earlier in the week concerning the Motion for Preliminary Injunction, the Court denied the

Motion. [Dkt. 26]. In addition to the news of the Order Denying the Preliminary Injunction, on February 28, 2025, Counsel for Goldstein discovered the profile for Judge Tilman E. Self, III on the social media platform "X" (formally Twitter), where the Judge notes in his bio that he is an "NCAA Football Official" – making it the 6th defining thing about himself to post on his profile after being "imperfect, but forgiven", a husband, a father, a brother, and a US District Court Judge. ***A true and correct screenshot of the Judge's profile as of February 28, 2025, is attached hereto as Exhibit 1***. The Judge's Questionnaire for Judicial Nominees makes mention that he once served as an NCAA official in 2017 and has other affiliations as a sports official unrelated to the NCAA, but other than that, does not mention a present-day affiliation with the NCAA. ***A true and correct copy of the Questionnaire for Judicial Nominees is attached hereto as Exhibit 2.*** An article for Trellis Law states, "When not presiding on the bench, Self is a longtime officiator of NCAA football in the Southern Conference." ***A true and correct copy of the article "Judge Tilman E. Self, III: Professional Background and Legal Expertise" is attached hereto as Exhibit 3***. Additionally, an article for The Telegraph writes, "During a hearing on Self's pending nomination in the Dirksen Senate Office Building, Republican Sen. Johnny Isakson of Georgia noted that the "well-rounded" Self was also a referee in the Southern Conference. Sen. Lindsey Graham, R-S.C., apparently mistaking the league's name for the much larger Southeastern

2

Conference, later told Self, "If you can be a ref in the SEC, this'll be a piece of cake being a judge." ***A true and correct copy of the article "Sen. Graham to Macon's Self: Being judge 'piece of cake' Compared to Ref'ing Football" is attached hereto as Exhibit 4***.

## ARGUMENT AND CITATION TO AUTHORITY

Pursuant to Fed. R. Civ. Pro. 60 (b)(6) on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any reason that justifies relief. Rule 60 (b)(6) is the catchall provision of the Rule and authorizes relief for any reason justifying relief from the operation of the judgment or order. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. Ct. App. 2006). Fed. R. Civ. Pro. 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Id. Even then, whether to grant the requested relief is a matter for the district court's sound discretion. Id.

Further, pursuant to 28 U.S. Code § 455 (a)-(b)(1), any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned and he shall disqualify himself where has a personal bias or prejudice concerning a party, or personal knowledge or disputed evidentiary facts concerning the proceeding.

3

Here, there is extraordinary evidence which necessitates the requested relief. The Judge didn't tell the Parties he is an NCAA Official, should have recused himself, and the Order Denying the Preliminary Injunction should be vacated.

The Judge has a direct and self-ascribed affiliation with the Defendant party in this case, highlighting his role as an NCAA Official as a defining marker of who he is on social media, and making it impossible to tease out where the Court's bias may begin and end when ruling on issues which directly impact the NCAA. At the very least, the affiliation "raises an eyebrow" suggesting possible impropriety. Canon 2A of the Code of Conduct for United States Judges states as follows:

"An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and appearance of impropriety."

Here, there is clear evidence of bias which reasonable minds can conclude would affect the Judge's ability herein to remain unbiased, impartial, and unimpaired in making a legal determination which impacts an association to which the Judge is directly linked and affiliated.

4

## **CONCLUSION**

WHEREFORE, and given the foregoing information, Plaintiff respectfully moves the Court for an Order Vacating the Order Denying Preliminary Injunction [Dkt. 26] and for an Order recusing Judge Tillman E Self, III from the above-styled matter for having a direct affiliation with the association-Defendant, the NCAA. Respectfully submitted this 28th day of February 2025.

/s/ Louis R. Cohan

Louis R. Cohan
GA Bar No. 173357
COHAN & LEVY
3340 Peachtree Rd.,
Tower Place 100, Suite 2570
Atlanta, GA 30326
T: 404.891.1770
lcohan@ cohanlevy.com

ATTORNEY FOR PLAINTIFF

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE THE ORDER DENYING PRELIMINARY INJUNCTION AND MOTION TO RECUSE using the ECF system which will automatically send e-mail notification to all counsel of record signed up for the service.

Respectfully submitted this 28th day of February 2025.

/s/ Louis R. Cohan

Louis R. Cohan
GA Bar No. 173357
COHAN & LEVY
3340 Peachtree Rd.,
Tower Place 100, Suite 2570
Atlanta, GA 30326
T: 404.891.1770
lcohan@ cohanlevy.com

ATTORNEY FOR PLAINTIFF